George M. Fanelli, J.
This is a motion by defendant Kuss to dismiss the indictment herein upon the ground that the Grand Jury of Suffolk County had no jurisdiction over the subject matter of the crime alleged in the indictment, since the crime, if any, was committed in Nassau County, and section 134 of the Code of Criminal Procedure is inapplicable.
Defendant, a public officer, to wit, Town Councilman and member of the Town Board of the Town of Islip, Suffolk County, has been indicted in Suffolk County for the crime of taking unlawful fees in violation of section 1826 of the Penal Law. Defendant, in his moving affidavit and in support of his motion, has set forth a series of acts which he contends spell out all the circumstances surrounding the subject transaction which he believes were presented to the Grand Jury and which, he further believes, constituted the basis for the indictment. All these acts, says defendant, occurred in Nassau County and, therefore, *426 the crime, if any, was committed in Nassau County rather than in Suffolk County. The People, in opposing the motion, argue that the venue was properly laid in Suffolk County by reason of section 134 of the Code of Criminal Procedure, which reads as follows: ‘ ‘ When an offense is committed, partly in one county and partly in another, or the acts or effects thereof, constituting, or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county ’ ’. (Emphasis supplied.)
While the People do not on this motion specifically take issue with defendant’s narration and version of the acts which he claims allegedly formed the basis for the indictment, they do, nevertheless, point to the fact that in order to constitute a violation of section 1826 of the Penal Law not only must the public officer ask or receive or agree to receive the prohibited unlawful fees, but that a substantive and essential element of the crime (called for by § 1826) is the “performing” or “having performed * * * any act whatsoever directly or indirectly related to any matter in respect to which any duty or discretion is by or in pursuance of law imposed upon or vested in [a public officer], or may be exercised by him by virtue of his office, or appointment or employment or his actual relation to the matter ”. Concededly, in this case, defendant, an official of the Town of Islip, in the County of Suffolk, and a member of the Town Board of the Town of Islip, did in the County of Suffolk, move and vote for the adoption of a certain resolution annulling and repealing a certain declaration of covenants and restrictions and incorporated various stipulations into a declaration of covenants and restrictions in place thereof, which, the People claim, constituted the performing of the official act for which the defendant did ask, agree to receive, and did receive a promise of $10,000, and for which he did receive the sum of $6,500.
Defendant’s argument that under the alleged facts in this case a violation of section 1826 is complete and committed merely by the asking or receiving or consenting or agreeing to receive the prohibited unlawful fees (which allegedly all took place in Nassau County) is without merit. While it is true that a review of the authorities dealing with section 134 of the Code of Criminal Procedure discloses that not every act, occurrence, or effect in some way connected with the commission of a crime is juri'sdietionally significant, this court, nevertheless, is of the opinion that the afore-mentioned acts performed by defendant before the Islip Town Board in Suffolk County were clearly “ acts or effects thereof, constituting, or requisite to the consummation *427 of the offense ” (Code Crim. Pro., § 134). Defendant’s aforementioned actions and conduct in his capacity as a public officer in moving and voting for the afore-mentioned resolution before the Town Board were, in this court’s view, an ingredient and a substantive, essential and integral part of the acts constituting the crime of taking unlawful fees as defined in section 1826.
The case of People v. Kohut (49 Misc 2d 1035, revd. 25 A D 2d 10, revd. 17 N Y 2d 705), heavily relied upon by defendant, is factually distinguishable from the case at bar. There, the Court of Appeals (5-2) in holding that the crime charged in the indictment (taking unlawful fees, Penal Law, § 1826) was committed, if at all, in Nassau County rather than in New York County where the defendant was indicted, found section 134 inapplicable, since the only acts performed in New York County ([1] the signing of a sham licensing agreement, and [2] the signing of the certificate of incorporation and dissolution of dummy corporations — not by the defendant, but by dummies) were not acts constituting or requisite to the consummation of the offense. Such a holding is understandable since these acts, although used as part of a scheme to disguise and camouflage the receipt of the illegal fees by the defendant, the Commissioner of Public Safety of the City of Long Beach, Nassau County, for his help and influence in inducing the City of Long Beach to purchase certain parking meters from an Illinois corporation, and while lending detail to the ultimate acts constituting the crime in Nassau County, were so remote from the events of the completed crime, so distant from the center of activities of the persons charged with its commission, and so removed from the public interest sought to be corrupted, that it could not be said that they were acts constituting, or requisite to the consummation of the offense. The agreement to take the unlawful fees was made in Chicago; the receipt of the illicit payments took place in Nassau County where the defendant (Kohut) received the bogus royalty checks; and the influence and misfeasance exercised by the defendant upon the City of Long Beach in inducing it to purchase the parking meters from the Duncan Corporation, took place in Nassau County. Clearly, therefore, the two afore-mentioned events which took place in New York County were in themselves neither criminal on their face nor substantive elements of the offense as defined in section 1826.
Accordingly, the motion is in all respects denied, and the District Attorney is directed to settle an order on notice at Chambers, 271 North Avenue, New Rochelle, N. Y.